IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In Re:<br><br>THE ALIERA COMPANIES, INC., d/b/a Aliera Healthcare, Inc., *et al*.<br><br>                    Debtors. | **Case No. 21-11548 (TMH)**<br>Currently pending in the U.S. Bankruptcy Court for the District of Delaware |
| ALIERA LT, LLC, AS LIQUIDATING TRUSTEE FOR THE ALIERA COMPANIES, INC. D/B/A ALIERA HEALTHCARE INC., ET AL. and NEIL F. LURIA, IN HIS CAPACITY AS THE TRUSTEE OF THE SHARITY MINISTRIES, INC., LIQUIDATING TRUST,<br><br>                    Plaintiffs,<br><br>v.<br><br>TOBIAS & ASSOCIATES LLC F/K/A TOBIAS & ASSOCIATES INC. D/B/A GETMEHEALTHCARE,<br><br>                    Defendant. | **Adversary Proceeding No. 24-05094-jrs** |

**LIMITED OBJECTION TO PLAINTIFFS' MOTION TO
EXTEND MEDIATION PROCEDURE DEADLINES**

Defendant Tobias & Associates LLC d/b/a Get Me Healthcare f/k/a Tobias & Associates Inc. (the "Defendant"), by and through its undersigned counsel, submits this Limited Objection to Plaintiffs' Motion to Extend Mediation Procedure Deadlines (the "Limited Objection") in response to Plaintiffs' M*otion to Establish Mediation Procedures* [Docket No. 15] (the "Motion") filed by Aliera LT, LLC, as Liquidating Trustee for the Aliera Companies, Inc. d/b/a Aliera Healthcare Inc. et al. and Neil Luria, in his capacity as the Trustee of the

4903-7914-5491.v3

Sharity Ministries, Inc., Liquidating Trust (collectively, the "Plaintiffs") in the above-captioned adversary proceeding, and for its Limited Objection Defendant states the following:

## FACTUAL BACKGROUND

1. On April 30, 2024, Plaintiffs filed their *Complaint* [Docket No. 1] (the "Complaint") against Defendant, and an alias summons was issued by the Court on May 6, 2024 [Docket No. 2] (the "Summons").

2. Plaintiffs failed to timely serve a correct copy of the Summons and Complaint on Defendant, and Plaintiffs requested a new summons, which the Court issued on May 28, 2024 [Docket No. 4].

3. On May 30, 2024, Plaintiffs filed a Motion, which sought the entry of a scheduling and procedures order to, among other things, (i) establish mediation procedures, (ii) establish procedures for the appointment of mediators, (iii) establish pretrial guidelines, and (iv) stay formal discovery until the conclusion of non-binding mediation [Docket No. 6] (the "Mediation Motion").

4. In the Mediation Motion, Plaintiffs suggested that the voluntary exchange of information among the parties, in lieu of formal discovery, would be sufficient to mediate the claims raised in the Complaint and any defenses raised in the Answer (defined below).

5. On June 20, 2024, Defendant filed an Objection to the Mediation Motion [Docket No. 8] (the "Mediation Motion Objection"), which, among other things, objected to the stay of formal discovery and suggested a limited discovery proposal in lieu of a discovery stay.

6. On June 26, 2024, Defendant filed its Answer and Affirmative Defenses to the Complaint [Docket No. 10] (the "Answer").

7. At the hearing on the Mediation Motion counsel for the Plaintiffs reiterated that informal discovery would be sufficient to mediate the claims raised in the Complaint and any defenses raised in the Answer.

8. On July 4, 2024, the Court entered an Order, which approved the Mediation Motion and overruled the Mediation Motion Objection [Docket No. 11] (the "Mediation Order").

9. Defendant's counsel subsequently sent Plaintiffs' counsel written informal discovery requests, including interrogatories and requests for production of documents. However, Plaintiffs have failed to respond to any of these informal discovery requests other than to indicate that the requests were overly broad. Further, Plaintiffs failed to make any good faith effort narrow the informal discovery requests or otherwise produce any information.

10. After significant correspondence, the parties finally agreed to schedule a mediation on February 24, 2025.

11. Plaintiffs subsequently reached out to Defendant to indicate that they needed to reschedule the February 24, 2025 mediation, and requested that Defendant agree to extend all of the Mediation Order deadlines.

12. Defendant indicated that while it did not oppose rescheduling the mediation or extending the mediation deadlines, it would not consent to an extension of the stay on discovery. Plaintiffs then filed the instant Motion without even replying to Defendant's response.

## **LIMITED OBJECTION**

13. Defendant does *not* oppose participating in non-binding mediation or extending the deadlines set forth in the Mediation Order other than the stay of formal discovery. Defendant argued in its Mediation Motion Objection that it did not believe that a non-binding mediation would bring this adversary proceeding to a conclusion *without* some level of formal

discovery. Plaintiffs argued to the contrary and that the parties could advance the case through informal discovery, and the Court agreed.

14. However, since the entry of the Mediation Order (more than 6 months ago), Plaintiffs have failed to request any informal discovery from Defendant or provide Defendant with any documents or information notwithstanding Defendant's requests for the same. Respectfully, an additional two month stay of formal discovery will only further delay the resolution of this adversary proceeding and is not warranted here.

15. Accordingly, Defendant objects to the Motion to the extent that it seeks to extend the stay of formal discovery in this adversary proceeding.

4903-7914-5491.v3

WHEREFORE, for all of the foregoing reasons, Defendant respectfully requests that the Court enter an order: (i) sustaining this Limited Objection, (ii) modifying the proposed extension of the mediation procedures to lift the stay on formal discovery, and (iii) granting Defendant such other and further relief as the Court deems just, equitable, and proper.

Dated: January 28, 2024

Respectfully submitted,

ARNALL GOLDEN GREGORY LLP

/s/ Darryl S. Laddin
Darryl S. Laddin (Ga. Bar No. 460793)
Sean C. Kulka (Ga. Bar No. 648919)
171 17th Street, N.W., Suite 2100
Atlanta, GA  30363-1031
Telephone: (404) 873-8500
Fax: (404) 873-8121
darryl.laddin@agg.com
sean.kulka@agg.com

*Attorneys for Defendant*
*Tobias & Associates LLC d/b/a Get Me*
*Healthcare f/k/a Tobias & Associates Inc.*

4903-7914-5491.v3

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date I caused a true and correct copy of the foregoing *Limited Objection to Plaintiffs' Motion to Extend Mediation Procedure Deadlines* to be served, by depositing a copy of the same in the United States mail in a properly addressed envelope with sufficient postage affixed thereon, addressed to the parties named below:

John D. Elrod
Greenberg Traurig, LLP
3333 Piedmont Road NE
Suite 2500
Atlanta, GA 30305


Dated: January 28, 2025.

                                            Respectfully submitted,

                                            ARNALL GOLDEN GREGORY LLP


                                            /s/ Darryl S. Laddin
                                            Darryl S. Laddin (Ga. Bar No. 460793)
                                            Sean C. Kulka (Ga. Bar No. 648919)
                                            171 17th Street, N.W., Suite 2100
                                            Atlanta, GA  30363-1031
                                            Telephone: (404) 873-8500

Fax: (404) 873-8121                          darryl.laddin@agg.com
                                            sean.kulka@agg.com

                                            *Attorneys for Defendant*
                                            *Tobias & Associates LLC f/k/a Tobias &*
                                            *Associates Inc. d/b/a getmehealthcare*